SUMMARY ORDER

Petitioner Ai Mei Dong, a native and citizen of the People’s Republic of China, seeks review of the December 13, 2007 order of the BIA denying her motion to reopen. In re Ai Mei Dong, No. A73 629 350 (B.I.A. Dec. 13, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
In its decision, the BIA construed Dong’s motion as both a motion to reopen and a motion to reconsider, and concluded that, to the extent that Dong was bringing *553 a motion to reconsider, that motion was untimely. Dong does not contest the BIA’s decision that any motion to reconsider would have been untimely. Rather, she argues that her October 28, 2007 application before the BIA was solely a motion to reopen.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). “An abuse of discretion may be found ... where the [BIA’s] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.” Id. (internal citations and quotation marks omitted).
We find that the BIA properly denied Dong’s motion to reopen due to her failure “to state any new facts in support of her motion.” Under 8 C.F.R. § 1003.2(c)(1), a “motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material.” See also Ke Zhen Zhao v. U.S. Dept. of Justice, 265 F.3d 83, 91 (2d Cir.2001).
Dong argues that although the cover letter accompanying her motion sought leave to supplement the motion with an affidavit, the BIA failed to respond to her request. This argument is unavailing where Dong failed to state either in her cover letter or her motion what facts (much less “new” facts) would be presented should her ease be reopened. In light of Dong’s failure to submit an affidavit or evidence pursuant to 8 C.F.R. § 1003.2(c)(1), or even state what new facts she sought to establish, we find that the BIA properly denied Dong’s motion to reopen. See INS v. Jong Ha Wang, 450 U.S. 139, 143, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981); see also INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.